UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


RODA DRILLING, LP

VERSUS

ENERGY XXI ONSHORE, LLC, ET AL.

CIVIL ACTION

NUMBER CV 11-379-BAJ-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, October 12, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RODA DRILLING, LP

VERSUS

ENERGY XXI ONSHORE, LLC, ET AL.

CIVIL ACTION

NUMBER CV 11-379-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is Robert Zinke's Reurged Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction. Record document number 83. The motion is opposed.[1]

For the reasons which follow, the motion should be denied.

**Background**

Plaintiff RoDa Drilling, L.P. ("RoDa") filed this action against defendants Energy XXI Onshore, L.L.C. and McMoran Oil & Gas, L.L.C. (together, "the AMI parties") alleging that they breached an Operating Agreement which governed the rights and obligations of the parties to the agreement with respect to certain

---

[1] Record document number 86, McMoran's Memorandum in Opposition to Robert Zinke's Re-Urged Rule 12(b)2 Motion to Dismiss for Lack of Personal Jurisdiction, and record document number 88, Energy XXI Onshore, LLC's Response to Robert Zinke's Re-Urged Rule 12(b)(2) Motion to Dismiss. The motion currently before the Court is a continuation of the arguments raised in Robert Zinke's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction. Record document number 34. Oppositions to this motion were filed by McMoran Oil & Gas, L.L.C. and Energy XXI Onshore, L.L.C. Record document numbers 71 and 69, respectively. RoDa Drilling, L.P. filed a reply memorandum. Record document number 76. The arguments presented in all of the parties' memoranda have been considered for purpose of this Magistrate Judge's Report.

lands, leasehold interests, and mineral interests within a geographical area in Louisiana referred to as the Area of Mutual Interest ("AMI"). Under the terms of the agreement an AMI party which acquires property interests within the AMI is required to offer the other AMI parties an option to participate in the interest if certain terms are met.

Plaintiff alleged that the defendants acquired mineral leases and a lease option governed by the Operating Agreement but refused to give the plaintiff the option to participate in these property interests. Plaintiff sought specific performance of the contract, which would entitled it to an opportunity to participate in the specified leases and option along with any other unknown property interests acquired by the defendants that are wholly or partly within the AMI. Alternatively, the plaintiff requested damages resulting from the breach.

Plaintiff also sought a judgment declaring its obligations to the defendants concerning certain mineral rights leases sold by the State of Louisiana. Plaintiff alleged Zenergy, Inc. successfully bid on two state leases, Nos. 20597 and 20598, and subsequently assigned these interests to the plaintiff. Plaintiff sought a declaration that the land covered by lease No. 20598 does not fall within the AMI, and thus the defendants have no right to participate in the lease. Alternatively, the plaintiff asserted that the defendants' breach of the Operating Agreement negates any

2

rights the defendants have to Lease 20598 unless the breach is cured.

Defendants filed counterclaims against the plaintiff alleging that it wrongfully acquired State Lease Nos. 20597 and 20598. Defendants also named Zenergy, Inc., Zeneco, Inc., and Robert Zinke as third party defendants.[2] Defendants alleged that RoDa, through its representative Zinke, participated in discussions with the AMI parties and subsequently agreed to allow McMoran to submit a joint bid on behalf of the AMI parties on Tract 42042, the tract of land which comprised the two state leases. Defendants claimed that upon McMoran's acquisition, the respective interests in the property would be offered to the AMI parties pursuant to the terms of the Operating Agreement. Defendants alleged that in their discussions the AMI parties decided on a set bid price which they believed would provide the highest probability for a successful bid. Defendants also alleged that the AMI parties agreed that if the single joint bid was accepted, the AMI would be expanded to include all the acreage of the tract.

Defendants alleged that Zenergy and Zeneco, whose sole officer is Zinke, bid on the tract at a higher price than McMoran's joint bid for the AMI parties. Defendants alleged that Zinke wrongfully disclosed to Zenergy and Zeneco trade secret information concerning

---

[2] Amended counterclaims were filed by defendants Energy XXI and McMoran. Record document numbers 52 and 73 (Energy XXI) and 78 (McMoran).

3

McMoran's single joint bid for the Tract, including the bid amount. Zenergy submitted two bids for two separate potions of the tract: one portion wholly within the AMI, and one portion believed to be outside of the AMI. Zenergy's bids were successful. Zenergy subsequently assigned its interests in the leases to RoDa.

Defendants alleged that the lease with acreage which was believed to be outside of the AMI in fact is partly within the AMI. Defendants asserted that because both leases contain land within the AMI, they are entitled to an option to participate in the leases. Defendants also alleged that RoDa obtained certain top leases but failed to provide the defendants with an option to participate in these.

Defendants' counterclaim sought relief against RoDa for bad faith breach of contract and breach of implied obligation of good faith and fair dealing. As to all the RoDa parties, the defendants asserted claims of unjust enrichment, unfair trade practices under Louisiana state law, misappropriation of trade secrets and confidential information, civil conspiracy, and conversion of trade secret information. Defendants also sought a declaratory judgment concerning the property interests at issue in this matter.

Third party defendant Zinke moved to dismiss the defendants' third party demand against him for lack of personal jurisdiction. Zinke asserted the specific jurisdiction does not exist because he has not taken any personal action within the State of Louisiana

4

giving rise to the claims alleged by the defendants. Zinke argued that his only contacts with the state concerned business transactions within his capacity as a corporate officer of either Zenergy or Zeneco. Zinke also asserted that his ownership of passive overriding royalty interests in various oil and gas wells in Louisiana does not constitute a continuous systematic contact on which general personal jurisdiction can rest.

## Applicable Law

Personal jurisdiction over a nonresident defendant may be asserted if: (1) the law of the forum state provides for the assertion of such jurisdiction; and (2) the exercise of jurisdiction under state law satisfies the Due Process Clause of the Fourteenth Amendment. *Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999). Under Louisiana's long arm statute, "a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and the Constitution of the United States." LSA-R.S. 13:3201.B. Thus, the Louisiana long arm statute, in effect, merges the two part requirement for federal personal jurisdiction over a nonresident defendant and permits the exercise of that jurisdiction to the full extent allowed under the Constitution and the Due Process Clause of the Fourteenth Amendment. *Luv N'care, Ltd. v. Inst-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).

The Due Process Clause "gives a degree of predictability to

the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183 (1985), *citing, World-wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567 (1980). The due process inquiry has two parts. First, for personal jurisdiction to exist, the nonresident defendant purposefully must have established "minimum contacts" with the forum state such that the defendant invoked the benefits and protections of the forum's law and thus reasonably could anticipate being haled into court there. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945). Second, under the circumstances the exercise of personal jurisdiction must not offend "traditional notions of fair play and substantial justice." *Burger King*, 471 U.S. at 464, 105 S.Ct. at 2177.

When a cause of action arises out of a defendant's purposeful contacts with the forum, minimum contact exist and the court may exercise personal jurisdiction over the defendant. This type of jurisdiction is commonly referred to as specific jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 1872 n. 8 (1984). When the defendant has continuous and substantial contact or operations within the forum state, but the cause of action arises from dealings entirely distinct from those activities, the forum is said to have general

jurisdiction.  *Helicopteros*, 466 U.S. at 415 n. 9, 104 S.Ct. at 1872 n. 9.

The determination of whether the district court may exercise personal jurisdiction over a nonresident defendant is a question of law.  *Ruston Gas Turbines, Inc. v. Donaldson Company, Inc.*, 9 F.3d 415, 418 (5th Cir. 1993).  Plaintiff bears the burden of proving that personal jurisdiction exists if challenged by a defendant under Rule 12(b)(2), Fed.R.Civ.P.  *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 223 (5th Cir. 2012).  When no evidentiary hearing is held, the plaintiff is only required to present a prima facie case for personal jurisdiction.  *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 592 (5th Cir. 1999).  The court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of recognized discovery methods, and must accept as true the uncontroverted allegations in the complaint.[3]  *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997).  Any factual

---

[3] RoDa and third party defendants Zenergy and Zeneco previously moved to dismiss the defendants' tort-based counterclaims.  Record document numbers 35, The RoDa Defendants' Rule 12(b)(6) Motion to Dismiss (terminated after the reurged motion to dismiss was filed), and 82, Reurged Rule 12(b)(6) Motion to Dismiss.  A Magistrate Judge's Report was issued September 28, 2012 recommending that the reurged motion to dismiss be denied.  Record document number 93.  The legal standard for deciding a Rule 12(b)(6) motion was stated in that report and need not be repeated here.  *Id.* at 5-6.  The district judge has not yet ruled on the motion or otherwise acted on that report.  For the purpose of this Magistrate Judge's Report, the defendants have alleged claims against third party defendants Zenergy and Zeneco upon which relief may be granted.

7

conflicts arising from the uncontroverted allegations posed by the parties' affidavits are resolved in favor of the plaintiff. *Luv N' Care*, 438 F.3d at 469.

**Analysis**

A review of the controlling law and the parties' arguments shows that the defendants have established a prima facie case for specific personal jurisdiction over third party defendant Zinke. With respect to the defendants' burden of proof, Zinke argued that a preponderance of the evidence standard is applicable because the defendants used discovery to support their position on personal jurisdiction over him. This argument is without merit. Because an evidentiary hearing on this issue has not been held, the defendants need only establish a prima facie case for personal jurisdiction.[4] Defendants' use of discovery to support its arguments does not convert the motion into an evidentiary hearing. The Fifth Circuit Court of Appeals has consistently held that evidence obtained from recognized discovery methods may be used to establish a prima facie case for personal jurisdiction. Cases cited by Zinke in support of his position are not controlling and are unpersuasive. Defendants

---

[4] *Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*, 517 F.3d 235, 244 (5th Cir. 2008). Despite having taken some jurisdictional discovery, the plaintiff was only required to establish a prima facie case for personal jurisdiction over the defendant because the district court did not conduct a full-blown evidentiary hearing. See also *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 626 (5th Cir. 1999).

8

are only required to establish a prima facie case of personal jurisdiction over Zinke a this time.

Defendants alleged in their counterclaims that Zinke engaged in phone discussions with defendant McMoran and other AMI parties, wherein he agreed to have McMoran submit a single bid on behalf of the AMI parties for Tract 42042.  Defendants alleged that Zinke subsequently wrongfully disclosed the information gained from the conversations to the competitor companies which he owned, Zenergy and Zeneco.  The RoDa parties then used the information to devise a scheme to override the joint bid in an attempt to evade RoDa's obligations under the Operating Agreement.

Accepting these allegations as true, the defendants have established specific personal jurisdiction over Zinke.  Zinke's participation in a single discussion concerning the joint bid is sufficient to confer personal jurisdiction.[5] Defendants' cause of action against Zinke is directly related this contact with the forum.  Specifically, Zinke's alleged wrongful acquisition of trade secret information and deceptive acquiescence to the joint bid process is the basis for the defendants' trade secret and unfair trade practices claims.  Zinke's agreement to the joint bid strategy, which involved Louisiana property and Louisiana residents, evidences Zinke's purposeful availment of the forum's laws.  Likewise, Zinke's participation in the AMI parties'

---

[5] See *Lewis v. Frense*, 252 F.3d 352 (5th Cir. 2001).

9

conversations and his subsequent wrongful disclosure of the information gained from those discussions is conduct sufficient for him to reasonably anticipate that he would be haled into court in Louisiana.

Zinke's argument that he is shielded from personal liability because he was acting as a corporate officer is unpersuasive. Zinke can be subject to personal jurisdiction despite his officer status under Louisiana law because the defendants' claims against him involve intentional tortious conduct as described above.[6]

Moreover, pursuit of the defendants' claims against Zinke in this forum will not offend traditional notions of fair play and substantial justice. While litigation in this forum would impose a burden on Zinke, McMoran's interest in obtaining convenient and effective relief in Louisiana weighs against this factor. Louisiana's desire to protect its resident companies and the rights to property interests in Louisiana weighs heavily in favor of litigation in this forum. Louisiana also has a strong interest in efficiently resolving the claims presented in this matter. The claims in the Complaint and those in the defendants' counterclaims against the Zenergy and Zeneco (of which Zinke is a corporate officer) will be maintained in this Court. These factors further

---

[6] *Bonvillian v. Louisiana Land & Exploration Co.*, 702 F.Supp.2d 667, 684 (E.D.La. Mar. 29, 2010), *citing*, *Gen. Retail Serv., Inc. v. Wireless Toyz Franchise, LLC*, 255 Fed.Appx. 775, 794-95 (5th Cir. 2007)

10

support the conclusion that adjudication of the defendants' counterclaims against Zinke in Louisiana is fair and just.[7]

### **RECOMMENDATION**

It is the recommendation of the magistrate judge that Robert Zinke's Reurged Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction be denied.

Baton Rouge, Louisiana, October 12, 2012.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[7] Because specific personal jurisdiction over Zinke exists, the parties' arguments concerning general jurisdiction do not need to be addressed.